# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILBUR LANN PITTMAN,<br>CDCR #F-64353,<br><br>                                    Plaintiff,<br><br>vs.<br><br>WILLIAM H. KENNDY, Judge;<br>DAVID J. DANIELSON, Judge;<br>D.L. RUNNELS;<br>M. MARTEL,<br><br>                                    Defendants. | Civil No.   09-0546 IEG (AJB)<br><br>**ORDER DISMISSING CIVIL ACTION WITHOUT PREJUDICE FOR FAILING TO PAY FILING FEE REQUIRED BY 28 U.S.C. § 1914(a) AND/OR FAILING TO MOVE TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915(a)** |

Plaintiff, an inmate currently incarcerated at the California Rehabilitation Center in Norco, California and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. Plaintiff seeks injunctive relief as well as trillions of dollars in general and punitive damages against San Diego Superior Court Judges and two other persons who are named but not further identified. Plaintiff's Complaint comprises three paragraphs of incomprehensible factual allegations and asserts no violations of constitutional law. (Compl. at 4-6.)

## I.     Failure to Pay Filing Fee or Request IFP Status

All parties instituting any civil action, suit or proceeding in any district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See*

1 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to pay this filing fee only if the party is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Here, Plaintiff has not prepaid the $350 filing fee required to commence a civil action, nor has he submitted a Motion to Proceed IFP. Therefore, the case must be dismissed pursuant to 28 U.S.C. § 1914(a). *Id.*

**II. Conclusion and Order**

For the reasons set forth above, the Court hereby:

(1) **DISMISSES** this action sua sponte without prejudice for failing to pay the $350 filing fee or file a Motion to Proceed IFP pursuant to 28 U.S.C. §§ 1914(a) and 1915(a); and

(2) **GRANTS** Plaintiff **forty five (45)** days leave from the date this Order is filed to: (a) prepay the entire $350 civil filing fee in full; *or* (b) complete and file a Motion to Proceed IFP which includes a certified copy of his trust account statement for the 6-month period preceding the filing of his Complaint. *See* 28 U.S.C. § 1915(a)(2); S.D. CAL. CIVLR 3.2(b).[1]

**IT IS FURTHER ORDERED** that the Clerk of the Court shall provide Plaintiff with this Court's approved form "Motion and Declaration in Support of Motion to Proceed *In Forma Pauperis*." If Plaintiff fails to either prepay the $350 civil filing fee or complete and submit the enclosed Motion to Proceed IFP within that time, this action shall remain dismissed without prejudice and without further Order of the Court.

DATED: March 25, 2009

*[signature]*
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**

---

[1] Plaintiff is cautioned that if he chooses to proceed further with this action either by paying the full civil filing fee required by 28 U.S.C. § 1914(a), or moving to proceed IFP, his patently insubstantial Complaint will be subject to the mandatory screening and sua sponte dismissal provisions of 28 U.S.C. § 1915A(b) and 28 U.S.C. § 1915(e)(2)(b). *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim); *see also Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (discussing sua sponte screening required by 28 U.S.C. § 1915A(b)). Moreover, such a dismissal may be counted as a "strike" against Plaintiff if he requests IFP status in any future civil action filed while he is incarcerated. *See Andrews*, 493 F.3d at 1052 (under the Prison Litigation Reform Act, "[p]risoners who have repeatedly brought unsuccessful suits may entirely be barred from IFP status under the three strikes rule[.]").